822 F.2d 59
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael K. PAULLEY and Mary Phelps, Plaintiffs-Appellants,
v.
George WILSON, Defendant-Appellee.
 No. 86-5188
 United States Court of Appeals, Sixth Circuit.
 July 7, 1987.
 
 Before WELLFORD, MILBURN and NELSON, Circuit Judges.
 WELLFORD, Circuit Judge.
 
 
 1
 Plaintiffs-appellants Michael Paulley and Mary Phelps are currently inmates incarcerated at minimum security institutions in Lexington, Kentucky and PeeWee Valley, Kentucky, respectively. Appellants requested permission to be married to each other, but officials denied the request because the Kentucky Corrections Cabinet Policies and procedures do not allow an inmate to marry another inmate. Appellants then filed a pro se action under 42 U.S.C. Sec. 1983 seeking a declaratory judgment that the rule denying inmates the right to marry is unconstitutional. The district court dismissed the case sua sponte as frivolous, because of this court's prior ruling in Hudson v. Rhodes, 579 F.2d 46 (6th Cir. 1978) (per curiam), cert. denied, 440 U.S. 919 (1979). Hudson summarily ruled that an Ohio policy forbidding the marriage of prison inmates was not unconstitutional. See 579 F.2d at 46. We reverse on the authority of the recent Supreme Court decision in Turner v. Safley, ---- U.S. ----, 55 U.S.L.W. 4719 (June 1, 1987), which calls into question the continued validity of Hudson v. Rhodes.
 
 
 2
 The Supreme Court ruled that when a prison regulation impinges on a constitutional right, the regulation is valid only if it is 'reasonably related to legitimate penological interests.' Turner v. Safley, ---- U.S. at ----, 55 U.S.L.W. at 4722. Relying on Loving v. Virginia, 388 U.S. 1 (1967), and Zablocki v. Redhail, 434 U.S. 374, 383-86 (1978), the Supreme Court in Turner recognized, as the parties conceded, that 'the decision to marry is a fundamental right.' 55 U.S.L.W. 4724. The Court held, however, that the constitutionally protected right to marry was 'subject to substantial restrictions as a result of incarceration.' Id. The Missouri prison regulations in question in Turner prohibited marriage between inmates 'unless the prison superintendent has approved the marriage after finding that there are compelling reasons to do so.' This approach was more lenient than the absolute prohibition in Kentucky. We are compelled, therefore, to reverse the district court in dismissing the complaint as frivolous. A test of reasonableness applies in analyzing a prison regulation: whether it is 'reasonably related to legitimate penological interests.' Id. at 4722.
 
 
 3
 In light of Turner v. Safley, then, we REVERSE the decision of the district court and REMAND this case for disposition in accordance with its mandate.